942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aurelio AVILA-DAMIAN, Defendant-Appellant.
 No. 89-50702.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aurelio Avila-Damian ("Avila") appeals his sentence under the Sentencing Guidelines ("Guidelines") following his conviction by guilty plea for transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Avila contends that the district court's 50 month upward departure from the applicable Guidelines range, resulting in a 54 month sentence, was unreasonable. This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate the sentence and remand because the district court failed to explain fully the extent of its departure. See United States v. Lira-Barraza, No. 88-5161, slip op. 9025, 9039 (9th Cir. July 22, 1991) (en banc).
 
 
 3
 We have recently adopted a three step analysis for reviewing sentences outside the applicable Guidelines range. See id., slip op. at 9029-30. The first step is to determine whether the district court had legal authority to depart based on the identified circumstance. Next, we examine whether the factual findings support the existence of the identified circumstance. Finally, "we must determine whether the extent of departure from the applicable Guideline range was 'unreasonable'...." Id. To assist our review, the district court must give "a reasoned explanation of the extent of departure founded on the structure, standards and policies of the [Sentencing Reform] Act and the Guidelines." Id., slip op. at 9039.
 
 
 4
 Here, the district court clearly stated that an upward departure was based on: (1) the danger stemming from the high speed car chase, (2) the injuries resulting from the chase, (3) Avila's struggle with the law enforcement officer following the chase and (4) Avila's state of intoxication.
 
 
 5
 The district court departed 50 months in excess of the maximum term Avila could have received under the Guidelines. Nonetheless, the district court did not give reasons for the length of the sentence. Without such a statement, we are unable to determine whether the degree of departure is reasonable in light of the standards and policies of the Guidelines. See id., slip op. at 9039; United States v. Perez-Magana, 929 F.2d 518, 523 (9th Cir.1991).
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3